UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JAMES H. STOUT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-77 |
| ) | |
| MRS. STRATTON'S SALADS, INC., ) | Judge Mattice |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff James Stout brings this action against Defendant Mrs. Stratton's Salads, Inc. ("Mrs. Stratton's Salads"), alleging unlawful discharge in retaliation for seeking workers' compensation benefits.

Before the Court is Defendant's Motion to Compel Arbitration and to Dismiss the Action or In the Alternative to Stay the Action. Because the Defendant has submitted and relied on materials outside the pleadings, the Court will treat this motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Plaintiff has not filed a response to this motion, and the Court deems Plaintiff to have waived opposition to the motion. E.D.TN. LR 7.2. The Court, however, cannot automatically grant Defendant's motion merely because Plaintiff has not filed a response in opposition. The Court is required to examine the record and determine whether the movant has met its burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to summary judgment as a matter of law. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998); *Wilson v. City of Zanesville*, 954 F.2d 349, 351 (6th Cir. 1992); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

After reviewing the record, the Court finds that Defendant's motion is well taken and is **GRANTED**.

**I.     STANDARD**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *National Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with

respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**II.    FACTS**

Viewing the facts in the light most favorable to Plaintiff, the relevant facts are as follows.

Mr. Stout was employed by Mrs. Stratton's Salads from August 1995 to February 10, 2005, as a route supervisor. (Court Doc. No. 1-3, Compl. ¶¶ 3-4; Court Doc. No. 1-9, Patton Aff. ¶ 4.) On April 8, 2004, Mr. Stout was injured in an accident that arose out of and in the course of his employment with Mrs. Stratton's Salads. (Compl. ¶ 4.) As a result of his injuries, Mr. Stout sought to receive workers' compensation benefits from Mrs. Stratton's Salads. (*Id.* ¶ 5.) On February 10, 2005, Mitch Wolfe, the Director of Sales of Mrs. Stratton's Salads, told Mr. Stout that his employment was terminated effective that day. (*Id.* ¶¶ 8-10.) On February 10, 2006, Mr. Stout filed this action, alleging that he was terminated in retaliation for seeking workers' compensation benefits. (*Id.* ¶ 15.)

Will Patton was employed by Mrs. Stratton's Salads as the Human Resource Manager from April 2002 through April 2004. (Patton Aff. ¶ 2.) In that capacity, on October 9, 2003, Mr. Patton sent a memorandum to all employees of Mrs. Stratton's Salads, including Mr. Stout, announcing a new employee handbook and the institution of a new arbitration agreement required for new and continued employment. (*Id.* ¶ 5; *see id.* Ex. A.) The memorandum read, in pertinent part, as follows:

-3-

> A new arbitration agreement is included for new and continued employment. Every employee must sign and return the acknowledgment of receipt of employee handbook and agreement to arbitrate all employment disputes. . . . Please return your signed acknowledgment by November 7th.

(*Id.* Ex. A.)

The arbitration agreement was provided to the employees with the memorandum.

(*Id.* ¶ 5; *id.* Ex. B.) The arbitration agreement read, in pertinent part, as follows:

> As a condition of, and in consideration of, new or continued employment with Mrs. Stratton's Salads, Inc., you agree that any and all claims, disputes or controversies between you and Mrs. Stratton's Salads, Inc. . . . arising out of or relating to your employment at Mrs. Stratton's Salads, Inc. and/or the cessation or termination of your employment at Mrs. Stratton's Salads, Inc., including claims arising after termination of your employment, shall be settled and resolved exclusively by final and binding arbitration before a neutral arbitrator. By way of example only, such claims include claims under federal, state and local statutory or common law such as, but not limited to, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans With Disabilities Act of 1990, as amended, the Fair Labor Standards Act, the Equal Pay Act, the Family and Medical Leave Act, the Alabama Age Discrimination in Employment Act, the law of contract and the law of tort.

(*Id.* Ex. B.)

On December 2, 2003, Mr. Stout signed and returned the "Acknowledgment of Receipt of Employee Handbook and Agreement to Arbitrate All Employment Disputes." (*Id.* ¶ 7; *id.* Ex. C.) The Acknowledgment read as follows:

> I also understand and agree, pursuant to the arbitration of employment rights provision in this handbook, that all disputes or claims between me and Mrs. Stratton's Salads, Inc., its managers or employees, arising out of my employment or the termination of my employment, will be submitted to and finally resolved exclusively through mandatory binding arbitration under the Federal Arbitration Act in conformity with applicable state law.

(*Id.* Ex. C.)

## III. DISCUSSION

Defendant argues that the instant action should be dismissed because Plaintiff and Defendant entered into a valid agreement that requires the instant dispute to be arbitrated rather than litigated in this Court.

Congress enacted the Federal Arbitration Act ("FAA") as a response to the longstanding judicial hostility to arbitration agreements that had existed at common law and, in doing so, "place[d] arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991); *Cooper v. MRM Investment Co.*, 367 F.3d 493, 498 (6th Cir. 2004). Under the FAA, "[a] written provision [in a contract] to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has made clear that "[c]ontracts of employment fall under the [FAA] and can be subject to arbitration provisions. An employer can condition employment on an agreement to submit all employment-related claims . . . to arbitration." *Byrd v. CIGNA Healthcare, Tennessee*, No. 1:00-CV-337, 2002 WL 32059026, at *4 (E.D. Tenn. Feb. 8, 2002) (citing *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001)).

In deciding whether an arbitration agreement is enforceable, the Court must look to state law principles of contract interpretation. *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987); *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 314 (6th Cir. 2000); *Byrd*,

-5-

2002 WL 32059026, at *4.  Under Tennessee law,[1] the "cardinal rule [in interpreting contracts] . . . is to ascertain the intention of the parties and to give effect to that intention, consistent with legal principles.  Courts may determine the intention of the parties by a fair construction of the terms and provisions of the contract, by the subject matter to which it has reference, by the circumstances of the particular transaction giving rise to the question, and by the construction placed on the agreement by the parties in carrying out its terms." *Frizzell Constr. Co. v. Gatlinburg, L.L.C.*, 9 S.W.3d 79, 85 (Tenn. 1999) (internal quotation marks and citations omitted).  In applying the Tennessee law of contract interpretation, the Court must take into consideration the federal policy favoring arbitration.  *Cooper*, 367 F.3d at 498.

In the case at bar, the Court concludes that Plaintiff is bound by the arbitration agreement to submit his claim to arbitration, and is not permitted to litigate such claim in this Court.  The arbitration agreement at issue states, in pertinent part, that "any and all claims, disputes or controversies . . . arising out of or relating to your employment at Mrs. Stratton's Salads, Inc. and/or the cessation or termination of your employment at Mrs. Stratton's Salads, Inc. . . . shall be settled and resolved exclusively by final and binding arbitration . . . ."  (Patton Aff. Ex. B.)  Plaintiff signed an Acknowledgment indicating that he understood and agreed to such provision.  (*Id.* Ex. C.)  The terms of the provision leave little doubt that the parties intended that all disputes regarding Plaintiff's employment or his

---

[1] In an action based on the Court's diversity jurisdiction, the Court must apply the conflicts law of the forum state, Tennessee.  *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 341 (6th Cir. 1997).  "Absent a contractual choice of law provision, Tennessee courts apply the *lex loci* rule to contract causes of action," which provides that "the substantive law of the state in which the contract was executed governs disputes arising from the contract."  *In re Estate of Davis*, 184 S.W.3d 231, 234 (Tenn. Ct. App. 2004).  In this instance, the Acknowledgment appears to have been executed by Mr. Stout in Tennessee, so the Court applies the Tennessee substantive law of contract interpretation.

-6-

Case 1:06-cv-00077   Document 8   Filed 05/15/06   Page 6 of 7   PageID #: 6

termination, including the instant dispute, would be resolved exclusively by arbitration. A fair construction of the arbitration provision leads to this, and no other, conclusion. Accordingly, the Court will hold the parties to their agreement and will not allow this case to proceed in this Court in violation of that agreement.

## IV. CONCLUSION

For the reasons explained above, Defendant Mrs. Stratton's Salads, Inc.'s Motion to Compel Arbitration and to Dismiss the Action or In the Alternative to Stay the Action [Court Doc. No. 2], which the Court has treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. Should Plaintiff wish to pursue his claim, he must submit it to final and binding arbitration. In accordance with Federal Rule of Civil Procedure 54(d)(1), Defendant is entitled to recover its costs of this action.

The Clerk is directed to close the file in this case.

SO ORDERED this 15th day of May, 2006.

                                              */s/ Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE